UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

MARIA ATSAS and ADAMANTIA MARI,

                                        Plaintiffs,                **COMPLAINT**

                    - against -

LAW OFFICE OF ALEX ANTZOULATOS and
ALEXANDER G. ANTZOULATOS a/k/a ALEX
ANTZOULATOS, and any other related persons or
entities,

                                        Defendants.

Plaintiffs Maria Atsas ("Atsas") and Adamantia Mari ("Mari") (collectively "Plaintiffs")

by and through their counsel, Bell Law Group PLLC, as and for their Complaint in this action

against Defendants the Law Office of Alex Antzoulatos ("Law Office") and Alexander G.

Antzoulatos a/k/a Alex Antzoulatos ("Antzoulatos") (collectively "Defendants") hereby allege

upon knowledge to themselves and upon information and belief as to all other matters as follows:

## NATURE OF THE CLAIMS

1.      Plaintiffs bring this action on behalf of themselves and similarly situated

individuals to recover for Defendants' numerous violations of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the New York Labor Law ("NYLL"), §§ 650, *et seq.*

2.      Named Plaintiffs' claims under the FLSA are brought as a collective action,

pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all other similarly situated

persons who were/are employed by Defendants as administrative assistants and/or other similar

positions who were/are not paid minimum wage or overtime for the period of three years prior to

the date of the filing of this complaint to the date of the final disposition of this action (the "FLSA

Collective Period"). Named Plaintiffs and all such other similarly situated persons are jointly referred to herein as the "FLSA Collective."

3.      Members of the FLSA Collective are similarly situated because they were all subject to Defendants' common policy and/or practice of failing to properly pay Administrative Assistants during the FLSA Collective Period, including any compensation for hours worked and overtime.

## JURISDICTION AND VENUE

4.      Pursuant to 28 U.S.C. §§ 1331 and 1343, the Court has subject matter jurisdiction over this action because the action involves federal questions regarding the deprivation of Plaintiffs' rights under the FLSA.  Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiffs' related claims under the NYLL and common law.

5.      Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district because it is a judicial district in which at least one of the Defendants resides and a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

6.      Named Plaintiff Maria Atsas is a resident of the State of New York, Queens County who was employed by Defendants as an administrative assistant from August 2018 to January 2020.

7.      Named Plaintiff Adamantia Mari is a resident of the State of New York, Queens County who was employed by Defendants as an administrative assistant from November 5, 2018 to March 13, 2020.

8.      At all relevant times, each Named Plaintiff and/or collective member was an "employee" of Defendants within the meaning of all applicable statutes.

9.      Upon information and belief, the Law Office of Alex Antzoulatos ("Law Firm") is a professional corporation with a principal place of business at 37-14 30th Street, Long Island City, New York 11101.

10.     During the Relevant Period, the Law Firm was an "employer" within the meaning of all applicable statutes.

11.     During the Relevant Period, the Law Firm was an "employer" within the meaning of all applicable statutes, and an enterprise engaged in interstate commerce as defined by FLSA § § 203(r) and (s), with annual gross volume business in an amount not less than $500,000.

12.     Defendant Alexander G. Antzoulatos a/k/a Alex Antzoulatos ("Antzoulatos") is an owner, principal and/or manager of the Law Firm who exercised substantial control over the operations and policies and practices of the Law Firm, including, but not limited to, personnel and compensation practices. Defendant Antzoulatos held himself out as a principal of the Law Firm on official documents submitted to the State of New York.

13.     Defendants are a single and/or joint employer under the Labor Law in that they share a common business purpose and ownership, and maintain common control, oversight and direction over the operations of the work performed by Plaintiffs and, upon information and belief, Collective Members.

14.     Individual Defendant Alex Antzoulatos had the authority, either directly or indirectly, to (1) hire and fire Plaintiffs and Collective Members; (2) negotiate the terms and conditions of employment for Plaintiffs and, upon information and belief, Collective Members; (3) set the schedules for Plaintiffs and, upon information and belief, Collective Members; (4) control the means and methods of how Plaintiffs and, upon information and belief, Collective

Members, performed their job duties and responsibilities, and (5) exercised primary managerial control over the enterprise as a whole.

15.     Individual Defendant Antzoulatos was Plaintiffs' "employer" within the meaning of all applicable statutes and laws.

## FACTUAL ALLEGATIONS

### Background

16.     Defendant Law Firm operates and at all relevant times operated a law practice located at 37-14 30th Street, Long Island City, New York 11101. Defendant Antzoulatos was at all relevant times the owner, principal, and manager of the Law Firm.

17.     Plaintiffs were employed by Defendants as administrative assistants. In their positions, Plaintiffs performed typical administrative tasks, such as answering phones, making appointments, light bookkeeping, and other tasks.

18.     Named Plaintiffs and, upon information and belief, collective members regularly worked without any compensation. Plaintiffs were paid at the commencement of their employment with Defendants. However, in 2019, Defendants stopped paying Plaintiffs compensation, but promised them future payment if they continued to work.

19.     Plaintiffs continued to work for Defendants with the expectation of future payment. Unfortunately, Defendants never paid Plaintiffs the compensation they are owed, necessitating this lawsuit.

### Defendants' Unlawful Practices

20.     Defendants regularly required Named Plaintiffs and, upon information and belief, collective members, to work without any compensation, in violation of the FLSA and NYLL.

21.     Defendants required Plaintiff Maria Atsas to work 45 hours per week without paying her overtime in accordance with the FLSA and NYLL.

22.     Defendants failed to provide Named Plaintiffs with complete and accurate weekly wage statements in violation of NYLL § 195(3).

23.     Upon information and belief, Defendants willfully violated the FLSA and the New York Labor Law with the practices described herein.

**Plaintiffs' Schedule and Compensation**

*Maria Atsas*

24.     Plaintiff Maria Atsas commenced her employment with Defendants in August 2018.

25.     Plaintiff Maria Atsas was hired as an administrative assistant, and performed administrative tasks such as answering phones, making appointments, and light bookkeeping.

26.     Plaintiff Maria Atsas was paid at rate of $600 per week from August 2018 to January 2019.

27.     Plaintiff Maria Atsas typically worked from 8:00 a.m. to 6:00 p.m., with a one hour lunch break.

28.     Plaintiff Maria Atsas worked approximately 45 hours per week for the duration of her employment.

29.     Plaintiff Maria Atsas' hourly rate was approximately $12 an hour for the time period when she was actually paid.

30.     Plaintiff Maria Atsas was never paid overtime for the hours she worked over 40 hours per week.

31.     For example, Ms. Atsas worked the following weeks from 8:00 a.m. to 6:00 p.m. and received no compensation, including overtime:

a.   January 7 to January 11, 2019.

b.   January 14 to January 18, 2019.

c.   January 21 to January 25, 2019.

d.   January 28 to February 1, 2019.

e.   February 4 to February 8, 2019.

f.   February 11 to February 25, 2019.

g.   February 25 to March 1, 2019.

h.   March 4 to March 8, 2019.

i.   March 11 to March 15, 2019.

j.   March 18 to March 22, 2019.

k.   March 25 to March 29, 2019.

l.   April 1 to April 5, 2019.

m.   April 8, 2019 to April 12, 2019.

n.   April 15 to April 19, 2019.

o.   April 22 to April 25, 2019.

p.   April 30 to May 3, 2019.

q.   May 6 to May 10, 2019.

r.   May 13 to May 17, 2019.

s.   May 20 to May 24, 2019.

t.   May 27 to May 31, 2019.

32.     From January 1, 2019 to January 6, 2020, Plaintiff Maria Atsas worked approximately 45 hours per week, with no compensation, including overtime.

33.     Defendants promised Plaintiff Maria Atsas that she would eventually be paid for her work. However, she has not been paid any monies for work performed from January 1, 2019 to January 6, 2020.

34.     Plaintiff Maria Atsas' schedule is estimated based on her best recollection, without the benefit of reviewing the contemporaneous time records Defendants are required to maintain.

35.     Plaintiff Maria Atsas' exact start and end times varied from day to day.

36.     Plaintiff Maria Atsas did not receive any paystubs which showed the hours she worked or her rate of pay.

37.     Defendants made unlawful deductions from Plaintiff Maria Atsas' pay by failing to reimburse certain out-of-pocket expenses she incurred, including, but not limited to, reimbursement for office cleaning services paid by Plaintiff Maria Atsas, court filing fees, computer repairs,  and other office supplies Plaintiff Maria Atsas bought as part of her official functions. These expenses were incurred primarily for Defendants' benefit, and thus Defendants made unlawful deductions in violation of the NYLL by failing to reimburse these expenses.

*Adamantia Mari*

38.     Plaintiff Adamantia Mari commenced her employment with Defendants on November 5, 2018.

39.     Plaintiff Adamantia Mari was hired as an administrative assistant, and performed administrative tasks such as answering phones, making appointments, and light bookkeeping.

40.     Plaintiff Adamantia Mari was paid at rate of $400 per week from November 5, 2018 to April 12, 2019.

7

41.   Plaintiff Adamantia Mari typically worked 25 hours per week.

42.   Plaintiff Adamantia Mari's hourly rate was approximately $16 an hour for the time period when she was actually paid.

43.   Plaintiff Adamantia Mari worked the following weeks without any compensation:

a.   April 15 to April 19, 2019.

b.   April 22 to April 26, 2019.

c.   April 29 to May 3, 2019.

d.   May 6 to May 10, 2019.

e.   May 13 to May 17, 2019.

f.   May 20 to May 24, 2019.

g.   May 27 to May 31, 2019.

h.   June 3 to June 7, 2019.

i.   June 10 to June 14, 2019.

j.   June 17 to June 21, 2019.

k.   June 24 to June 28, 2019.

l.   July 1 to July 5, 2019.

m.   July 8 to July 12, 2019.

n.   July 15 to July 19, 2019.

o.   July 22 to July 26, 2019.

p.   July 29 to August 2, 2019.

q.   August 5 to August 9, 2019.

r.   August 12 to August 16, 2019.

s.   August 19 to August 23, 2019.

t.   August 16 to August 30, 2019.

u.   September 2 to September 6, 2019.

v.   September 9 to September 13, 2019.

w.   September 16 to September 20, 2019.

x.   September 23 to September 27, 2019.

y.   September 30 to October 4, 2019.

z.   October 7 to October 11, 2019.

aa. October 14 to October 18, 2019.

bb. October 21 to October 25, 2019.

cc. October 28 to November 1, 2019.

dd. November 4 to November 8, 2019.

ee. November 11 to November 15, 2019.

ff.  November 18 to November 22, 2019.

gg. November 25 to November 29, 2019.

hh. December 2 to December 6, 2019.

ii.  December 9, 2019 to December 13, 2019.

jj.  December 16 to December 20, 2019.

kk. December 23 to December 27, 2019.

ll.  December 30 to January 3, 2020.

mm.       January 6 to January 10, 2020.

nn. January 13 to January 17, 2020.

oo. January 20 to January 24, 2020.

pp. January 27 to January 31, 2020.

qq. February 3 to February 7, 2020.

rr. February 10 to February 14, 2020.

ss. February 17 to February 21, 2020.

tt. February 2 to February 28, 2020.

uu. March 3 to March 6, 2020.

vv. March 10 March 14, 2020.

44.     Defendants promised Plaintiff Adamantia Mari that she would eventually be paid for her work. However, she has not been paid any monies for work performed from April 15, 2019 to March 13, 2020.

45.     Plaintiff Adamantia Mari's schedule is estimated based on her best recollection, without the benefit of reviewing the contemporaneous time records Defendants are required to maintain.

46.     Plaintiff Adamantia Mari's exact start and end times varied from day to day.

47.     Plaintiff Adamantia Mari did not receive any paystubs which showed the hours she worked or her rate of pay.

*Collective Members*

48.     Upon information and belief, members of the FLSA collective worked similar hours, were paid in a similar manner, and were subjected to the same or similar unlawful pay practices as the Named Plaintiffs.

## FLSA COLLECTIVE ACTION ALLEGATIONS

49.     Plaintiffs bring their FLSA claims as a collective action pursuant to the FLSA on behalf of themselves and on behalf of the FLSA Collective.

50.     The basic job duties of the FLSA Collective are and were the same as or substantially similar to those of Plaintiffs, and the FLSA Collective are and were paid in the same manner and under the same common policies, plans and practices as Plaintiffs.

51.     The FLSA Collective, like Plaintiffs, all have been subject to the same unlawful policies, plans and practices of Defendants, including a failure to pay minimum wage at the prevailing rate or overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

52.     During the FLSA Collective Period, Defendants were fully aware of the duties performed by Plaintiffs and the FLSA Collective, and that those duties were not exempt from the overtime provisions of the FLSA.

53.     As a result of Defendants' conduct as alleged herein, Defendants violated 29 U.S.C. § 207.

54.     Defendants' violations of the aforementioned statutes were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiffs and the FLSA Collective.

55.     As a result of Defendants' conduct, Defendants are liable to Plaintiffs and the FLSA Collective for the full amount of their unpaid minimum wages, overtime wages, an additional equal amount in liquidated damages, attorneys' fees and costs incurred by Plaintiffs and the FLSA Collective and pre- and post-judgment interest.

56.     The exact number of members of the FLSA Collective is unknown to Plaintiffs at the present time, but upon information and belief, Defendants are in possession of this information.

57.     Plaintiffs are currently unaware of the identities of the FLSA Collective. Accordingly, Defendants should be required to provide Plaintiffs with a list of all persons

employed by Defendants in similar positions during the FLSA Collective Period, along with their last known addresses, telephone numbers and e-mail addresses so Plaintiffs can give the FLSA Collective notice of this action and an opportunity to make an informed decision about whether or not to participate in it.

### FIRST CAUSE OF ACTION
**(Failure to Pay Overtime in Violation of 29 U.S.C. § 207)**
*On Behalf of Plaintiff Maria Atsas and the FLSA Collective*

58.     Named Plaintiff Maria Atsas, on behalf of herself and the FLSA Collective, hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

59.     The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek. Named Plaintiff Maria Atsas and the FLSA Collective were not exempt from the requirement that Defendants pay them overtime under the FLSA.

60.     During the FLSA Collective Period, Defendants knew that Named Plaintiff Maria Atsas and the FLSA Collective worked more than forty (40) hours per workweek for Defendants. However, Defendants intentionally did not properly pay them overtime for all hours worked in excess of forty (40) per workweek.

61.     Defendants failed to pay Plaintiff Maria Atsas any compensation for approximately of 45 hours of work per week from January 2019 to January 2020.

62.     As a result of Defendants' failure to pay Named Plaintiff Maria Atsas and the FLSA Collective overtime at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek, Defendants violated the FLSA.

63.     The foregoing conduct of Defendants constitutes willful violations of the FLSA.

64.     Defendants did not provide payroll receipts that accurately reflected the total amount of hours worked and corresponding regular and overtime wages earned at the correct hourly rate for Plaintiffs.

65.     Defendants' violations of the FLSA have significantly damaged Named Plaintiff Maria Atsas and, upon information and belief, the FLSA Collective, and entitles them to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages, attorneys' fees and costs and pre- and post-judgment interest.

**<u>SECOND CAUSE OF ACTION</u>**
**(Failure to Pay Overtime in Violation of the New York Labor Law and its Implementing Regulations)**
***As to Named Plaintiff Maria Atsas***

66.     Plaintiffs repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

67.     NYLL §§ 650, *et seq.* and 12 N.Y.C.R.R. § 142-2.2 require covered employers, such as Defendants, to pay all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

68.     Defendants knew that Plaintiff Maria Atsas worked more than forty (40) hours per workweek for Defendants.  However, Defendants did not properly pay her overtime for hours worked in excess of forty (40) per workweek.

69.     As a result of Defendants' failure to pay Named Plaintiff Maria Atsas overtime at a rate of one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours per workweek, Defendants violated the NYLL and its implementing regulations.

70.     Upon information and belief, Defendants' failure to pay overtime was either intentional or in reckless disregard of their obligations under the NYLL.

71.     Defendants' failure to pay overtime was a willful violation of the NYLL.

72.     Defendants did not provide payroll receipts that accurately reflected the total amount of hours worked and corresponding regular and overtime wages earned at the correct hourly rate for Plaintiffs.

73.     Defendants' violations of the NYLL overtime requirements have significantly damaged Named Plaintiff Maria Atsas who is entitled to recover the total amount of her unpaid overtime wages, an additional equal amount in liquidated damages, attorneys' fees and costs and pre- and post-judgment interest, injunctive relief correcting Defendants' unlawful pay practices, and any other such relief this Court deems appropriate.

### **THIRD CAUSE OF ACTION**
**(NYLL Failure to Pay Wages)**
*As to Named Plaintiffs*

74.     Plaintiffs repeats and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

75.     Pursuant to Article Six of the Labor Law, workers such as the Named Plaintiffs are protected from wage underpayments and improper employment practices.

76.     Pursuant to Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

77.     As a person employed for hire by Defendants, the Named Plaintiffs are "employees," as understood in Labor Law § 190.

78.     Pursuant to Labor Law § 190, the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

79.     As the entity that hired, directed, and controlled the job performance of the Named Plaintiffs Defendants are "employers."

80.     The Plaintiff Maria Atsas' agreed upon wage rate of $12 per hour hour was within the meaning of Labor Law §§ 190, 191, and 652.

81.     The Plaintiff Adamantia Mari's agreed upon wage rate of $16 per hour was within the meaning of Labor Law §§ 190, 191, and 652.

82.     Pursuant to Labor Law § 191 and the cases interpreting same, workers such as the Named Plaintiffs are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

83.     From January 2019 to January 2020, Plaintiff Maria Atsas worked approximately 45 hours per week, and was not paid any compensation. She was never paid for this work.

84.     From April 2019 to March 2020, Plaintiff Adamantia Mari worked approximately 25 hours per week, and was not paid any compensation. She was never paid for this work.

85.     In failing to pay the Plaintiffs their regular hourly rate for all hours worked, Defendants violated Labor Law § 191.

86.     By the foregoing reasons, pursuant to Labor Law § 198, Defendants are liable to the Named Plaintiffs in an amount to be determined at trial, plus interest, liquidated damages, injunctive relief, attorneys' fees and costs, as well as any such other relief as this Court may deem appropriate.

### FOURTH CAUSE OF ACTION
**(Failure to Pay Minimum Wage in Violation of 29 U.S.C. § 206)**
*On Behalf of Named Plaintiffs and the FLSA Collective*

87.     Plaintiffs repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

88.     Pursuant to 29 U.S.C. § 206, workers such as the Named Plaintiffs are protected from wage underpayments and improper employment practices.

89.     Pursuant to 29 U.S.C. § 206, the term "employee" means "any person employed for hire by an employer in any employment."

90.     As a person employed for hire by Defendants, the Named Plaintiffs and FSLA Collective members are "employees," as understood in 29 U.S.C. § 206.

91.     Pursuant to 29 U.S.C. § 206., the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

92.     As the entity that hired, directed, and controlled the job performance of the Named Plaintiffs and FSLA Collective, Defendants are "employers."

93.     From January 2019 to January 2020, Plaintiff Maria Atsas worked approximately 45 hours per week, and was not paid any compensation. She was never paid for this work.

94.     From January 2019 to January 2020, Defendants failed to pay Plaintiff Maria Atsas minimum wage of $7.25 in violation of 29 U.S.C. § 206.

95.     From April 2019 to March 2020, Plaintiff Adamantia Mari worked approximately 25 hours per week, and was not paid any compensation. She was never paid for this work.

96.     From April 2019 to March 2020, Defendants failed to pay Plaintiff Adamantia Mari minimum of wage $7.25 per hour, in violation of 29 U.S.C. § 206.

97.     By the foregoing reasons, pursuant to 29 U.S.C. § 206., Defendants are liable to the Named Plaintiffs and members of the FSLA Collective in an amount to be determined at trial, plus interest, liquidated damages, injunctive relief, attorneys' fees and costs, as well as any such other relief as this Court may deem appropriate.

## FIFTH CAUSE OF ACTION
### (Failure to Pay Minimum Wage in Violation of NYLL § 652)
### *On Behalf of Named Plaintiffs*

98.     Plaintiffs repeats and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

99.     Pursuant to NYLL § 652 , workers such as the Named Plaintiffs are protected from wage underpayments and improper employment practices.

100.    Pursuant to Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

101.    As a person employed for hire by Defendants, the Named Plaintiffs are "employees," as understood in NYLL § 652.

102.    Pursuant to NYLL § 652., the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

103.    As the entity that hired, directed, and controlled the job performance of the Named Plaintiffs, Defendants are "employers."

104.    From January 2019 to January 2020, Plaintiff Maria Atsas worked approximately 45 hours per week, and was not paid any compensation. She was never paid for this work.

105.    From January 2019 to January 2020, Defendants failed to pay Plaintiff Maria Atsas minimum wage in violation of NYLL § 652.

106.    From April 2019 to March 2020, Plaintiff Adamantia Mari worked approximately 25 hours per week, and was not paid any compensation. She was never paid for this work.

107.    From April 2019 to March 2020, Defendants failed to pay Plaintiff Adamantia Mari minimum of wage, in violation of NYLL § 652.

108.     By the foregoing reasons, pursuant to NYLL § 652, Defendants are liable to the Named Plaintiffs in an amount to be determined at trial, plus interest, liquidated damages, injunctive relief, attorneys' fees and costs, as well as any such other relief as this Court may deem appropriate.

## SIXTH CAUSE OF ACTION
**(Failure to Provide Accurate Wage Notices in Violation of NYLL § 195(1)-(2))**
*As to Named Plaintiffs*

109.     Plaintiffs repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

110.     NYLL § 195(1)-(2) requires covered employers, such as Defendants, to furnish accurate wage notices upon hiring and prior to any changes to the rate of pay for an employee.

111.     Named Plaintiffs were not exempt from this requirement.

112.     Defendants failed to furnish accurate wage notices to Named Plaintiffs in violation of NYLL § 195(1)-(2) by, inter alia, failing to provide Named Plaintiffs notices of their wages and/or changes thereto upon hire and/or upon any changes to their wages.

113.     The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

114.     Defendants' violations of the NYLL have significantly damaged Named Plaintiffs and entitle them to recover damages of fifty (50) dollars per person affected for each work day that such violations occurred and continue to occur, up to a total of $5,000 per person affected, together with attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION
### (Failure to Provide Accurate Wage Notices in Violation of NYLL § 195(3))
### *As to Named Plaintiffs*

115.    Named Plaintiffs repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

116.    NYLL § 195(3) requires covered employers, such as Defendants, to furnish accurate wage statements to their employees with every payment of wages.

117.    Named Plaintiffs were not exempt from this requirement.

118.    Defendants failed to furnish accurate wage statements to Named Plaintiffs in violation of NYLL § 195(3) by, inter alia, failing to provide Plaintiffs with accurate statements of their full wages, hours worked, regular rate of pay, overtime rate of pay or other information required by NYLL § 195(3).

119.    The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

120.    Defendants' violations of the NYLL have significantly damaged Named Plaintiffs and entitle them to recover damages of $250 for each day that such violations occurred or continue to occur, up to a total of $5,000 per person affected, an additional equal amount in liquidated damages, attorneys' fees and costs, and pre- and post-judgment interest.

## EIGHTH CAUSE OF ACTION
### (Unlawful Deductions in violation of NYLL)
### *As to Plaintiff Maria Atsas*

121.    Named Plaintiffs repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

122.    Pursuant to Article 6 of the NYLL, workers such as Plaintiff Maria Atsas are protected from wage underpayments and improper employment practices.

123.     Pursuant to NYLL § 193, "1. No employer shall make any deduction from the wages of an employee, except deductions which: a. are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency including regulations promulgated under paragraph c and paragraph d of this subdivision; or b. are expressly authorized in writing by the employee and are for the benefit of the employee, provided that such authorization is voluntary and only given following receipt by the employee of written notice of all terms and conditions of the payment and/or its  benefits and the details of the manner in which deductions will be made."

124.     Defendants are an "employer" as that term is defined in the Labor Law and cases interpreting same.

125.     Defendants made unlawful deductions from Plaintiff Maria Atsas' pay by failing to reimburse out-of-pocket expenses that Plaintiff Maria Atsas incurred in the course of performing her official job duties. These out-of-pocket expenses were either required by Defendants and/or primarily for Defendants' benefit. These deductions were neither authorized by Plaintiff Maria Atsas and nor were they for her benefit.

126.     By withholding all earned wages from Plaintiff Maria Atsas and by failing to reimburse out-of-pocket expenses that were not primarily for Plaintiff Maria Atsas' benefit, pursuant to NYLL § 193 and the cases interpreting same, Defendants made unlawful deductions.

127.     By the foregoing reasons, Defendants have violated NYLL § 198 and are liable to Plaintiff Maria Atsas in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs seek, on behalf of themselves and others similarly situated, the following relief:

(1)     on the first cause of action against Defendants in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs, and injunctive and declaratory relief pursuant to the cited FLSA and regulatory provisions;

(2)     on the second cause of action against the Defendants in an amount to be determined at trial, plus interest, damages, attorney's fees and costs, and injunctive and declaratory relief pursuant to the cited NYLL and regulatory provisions;

(3)     on the third cause of action against the Defendants in an amount to be determined at trial, plus interest, damages, attorney's fees and costs, and injunctive and declaratory relief pursuant to the cited NYLL and regulatory provisions;

(4)     on the fourth cause of action against Defendants in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs, and injunctive and declaratory relief pursuant to the cited FLSA and regulatory provisions;

(5)     on the fifth cause of action against the Defendants in an amount to be determined at trial, plus interest, damages, attorney's fees and costs, and injunctive and declaratory relief pursuant to the cited NYLL and regulatory provisions;

(6)     on the sixth cause of action against the Defendants in an amount to be determined at trial, including but not limited to $5,000 for Defendants' violations of NYLL § 195(1-2), plus interest, damages, attorney's fees and costs, and injunctive relief pursuant to the cited NYLL and regulatory provisions;

(7)     on the seventh cause of action against the Defendants in an amount to be determined at

trial, including but not limited to $5,000 for Defendants' violations of NYLL § 195(3), plus interest, damages, attorney's fees and costs, and injunctive relief pursuant to the cited NYLL and regulatory provisions;

(8)     on the eighth cause of action against the Defendants in an amount to be determined at trial, plus interest, damages, attorney's fees and costs, and injunctive and declaratory relief pursuant to the cited NYLL and regulatory provisions;

(9)     on all causes of action, declaratory relief finding that Defendants' compensation practices are unlawful;

(10)    on all causes of action, injunctive relief enjoining Defendants from continuing their unlawful practices; and

(11)    together with such other and further legal, equitable, declaratory or other relief the Court may deem appropriate.

## JURY DEMAND

Named Plaintiffs, on behalf of themselves, and the FLSA Collective hereby demand a trial by jury on all issues of fact and damages.

Dated:  August 20, 2020
        Garden City, New York

                              Respectfully submitted,

                              BELL LAW GROUP, PLLC

                              By: _____/s/_____
                                  Paul A. Bartels, Esq.
                                  100 Quentin Roosevelt Boulevard
                                  Suite 208
                                  Garden City, NY 11530
                                  Tel: 516.280.3008
                                  Fax: 212.656.1845
                                  lr@belllg.com
                                  *Attorneys for Plaintiffs*