Clerk's Office
Filed Date:  9/2/21
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------
MARIA ATSAS and ADAMANTIA MARI,

                                 Plaintiffs,                    **MEMORANDUM & ORDER**
                                                                20-CV-3838 (MKB) (CLP)
                    v.

LAW OFFICE OF ALEX ANTZOULATOS and
ALEXANDER G. ANTZOULATOS a/k/a ALEX
ANTZOULATOS,

                                 Defendants.
-------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiffs Maria Atsas and Adamantia Mari commenced the above-captioned action

against Defendants Law Office of Alex Antzoulatos and Alexander G. Antzoulatos a/k/a Alex

Antzoulatos on August 20, 2020, to recover unpaid wages and other relief under the Fair Labor

Standards Act, 29 U.S.C. § 201 *et seq.*, and the New York Labor Law § 650 *et seq.*  (Compl. ¶ 1,

Docket Entry No. 1.)  Defendants failed to appear or otherwise defend this action, and the Clerk

of Court entered default against them on October 26, 2020.  (Clerk's Entry of Default, Docket

Entry No. 13.)  On December 10, 2020, Plaintiffs moved for a default judgment, (Pls.' Mot. for

Default J., Docket Entry No. 17), and on December 11, 2020, the Court referred the motion to

Magistrate Judge Steven M. Gold for report and recommendation,[1] (Order dated Dec. 11, 2020).

By report and recommendation dated August 10, 2021, Judge Pollak recommended that

the Court grant Plaintiffs' motion for a default judgment against Defendants, jointly and

severally, and (1) award Atsas $27,005.40 in unpaid minimum wages and overtime wages and

---

[1]  The case was reassigned to Chief Magistrate Judge Cheryl L. Pollak on January 12,
2021.  (Notice of Reassignment dated Jan. 12, 2021.)

unlawful wage deductions; (2) award Mari $16,000.00 in unpaid minimum wages; (3) award $5,000.00 to each Plaintiff for wage statement violations; (4) award Plaintiffs $43,005.40 in liquidated damages; and (5) award Plaintiffs $18,500.00 in attorneys' fees and costs (the "R&R"). (R&R 27–28, Docket Entry No. 20.) Judge Pollak also found that although Plaintiffs are entitled to pre-judgment interest on their unpaid minimum wages and overtime wages at a rate of nine percent per year, because Plaintiffs' request for pre-judgment interest failed to provide the intermediate date from which interest was calculated, the court was unable to confirm the amount requested. (*Id.* at 19–20.) Accordingly, Judge Pollak recommended that the Court direct Plaintiffs to supplement their pre-judgment interest calculations so that the Court can confirm the amount requested. (*Id.* at 20.)

No objections to the R&R have been filed and the time for doing so has passed.

### I.    Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (same); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and

recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

## II. Conclusion

Accordingly, the Court adopts the R&R and grants Plaintiffs' motion for a default judgment against Defendants, jointly and severally.  The Court (1) awards Atsas $27,005.40 in unpaid minimum wages and overtime wages and unlawful wage deductions; (2) awards Mari $16,000.00 in unpaid minimum wages; (3) awards $5,000.00 to each Plaintiff for wage statement violations; (4) awards Plaintiffs $43,005.40 in liquidated damages; and (5) awards Plaintiffs $18,500.00 in attorneys' fees and costs.  The Court defers ruling on Plaintiffs' request for pre-judgment interest until Plaintiffs submit the relevant records.  If Plaintiffs fail to submit the relevant records within thirty days of this Memorandum and Order or fail to move for an extension of time to do so, the Court will deny Plaintiffs' request to recover pre-judgment interest.

Plaintiffs are directed to serve copies of this Order upon Defendants at their last known addresses and to file proof of service with the Court.

Dated: September 2, 2021
Brooklyn, New York

SO ORDERED:


_____s/ MKB_____
MARGO K. BRODIE
United States District Judge